UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| JUDITH A. MILES, as Personal Representative of the Estate of David A. Miles, deceased, §§§§<br><br>  Plaintiff, §<br><br>v. §§§<br><br>UNITED STATES OF AMERICA §§§<br><br>  Defendant, §<br>_____/ | Civil Action No.: 3:14-cv-00360-MCR-CJK |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL OR FOR *IN CAMERA* INSPECTION**

Plaintiff, JUDITH A. MILES, as Personal Representative of the Estate of David A. Miles, deceased, pursuant to N.D. Fla. Loc. R. 7.1(C)(2), by and through undersigned counsel, moves for leave of Court to file a reply brief in support of its Motion to Compel or For *In Camera* Inspection (Doc. 55), and in support thereof would show:

1. Plaintiff filed its Motion to Compel or For *In Camera* Inspection on September 11, 2015. The motion argues that Defendant's claim of attorney client privilege, work product privilege, the military safety privilege, and the deliberative process privilege do not apply to certain discoverable documents at issue, that Defendant should be compelled to produce those documents, or in the alternative, present them to this Court for an *in camera* inspection.

2. On September 22, 2015, Defendant filed its Memorandum in Opposition To Plaintiff's Motion to Compel And/Or Motion For *In Camera* Inspection. (Doc. 61). Defendant's response addressed all issues raised in Plaintiff's Motion except the issue regarding the applicability of the military safety privilege to a certain redacted safety report. On September

21, 2015, Defendant requested and on September 22, 2015, Defendant was granted an extension of time by this Court to respond to the applicability of the military safety privilege. Defendant thereafter filed its Memorandum in Opposition to Plaintiff's Motion to Compel or For *In Camera* Inspection of Air Force Safety Mishap Message on September 29, 2015 (Doc. 65).

3. Defendant points out in its response that the military safety privilege protects "analysis, conclusions, findings, and recommendations" of safety mishap investigators and "is based on a *national defense need* for rapid and accurate assessments of the causes of mishaps to prevent recurrence and maintain mission readiness." (Doc. 65, p. 2-3) (Emphasis added). Defendant quotes Air Force Safety Center Senior Attorney Daniel M. Vadnais, stating that "[a]ll *factual* matters were un-redacted and released to the parties," and that the redacted materials contained within the redacted safety report only indicate "analysis, conclusions, findings, and recommendations." *Id.* at 4. (Emphasis added). This is a one-sided assertion that aims to prevent the production of certain portions of the redacted safety report when Defendant's attorney has *still* not seen the un-redacted portions of the report.

4. Plaintiff does not dispute that the portions of the redacted safety report produced by Defendant contain factual information. However, certain portions of the "Narrative" section are redacted. Air Force Instruction 91-204 states that the "narrative includes *supporting evidence* and conclusions." AFI 91-204, ¶ 5.9.11. at 62. (Emphasis added). Furthermore, Defendant states that a Class C Safety Message contains information regarding the "mishap/event sequence." (Doc. 65., p. 5). Information regarding the "mishap/event sequence" speaks to fact.

5. Defendant states that "production of redacted sections…at issue would prejudice the efficient operation of the Department of the Air Force and the *defense interests* of the United States would be contrary to the public interest…." (Doc. 65., p. 5). Plaintiff is unaware of how

2

the disclosure of an accident report that speaks to an accident involving civilian pilots, conducting civilian flight training to earn a civilian commercial certificate, in a civilian aircraft, prejudices in any way, any "defense interest" of the United States.

6.   These new developments constitute "good cause" for allowing a reply. A reply will give the Court the benefit of both parties' views as to what portions of the redacted safety report contain factual information as opposed to "analysis, conclusions, findings, and recommendations" as well as give the Court both parties' views as to whether the material contained in the report involve a matter of "national defense" or a "defense interest."

7.   Plaintiff has consulted with Defendant's attorney and obtained consent to request leave to file a reply brief.

WHEREFORE, Plaintiff, JUDITH A. MILES, as Personal Representative of the Estate of David A. Miles, deceased, respectfully requests leave to file a reply brief in support of its Motion to Compel or For *In Camera* Inspection.

DATED this 1st day of October, 2015.

                       **ANDERSONGLENN LLP**

                       */s/ Jennifer C. Anderson*
                       **Gregory A. Anderson, Esquire**
                       Florida Bar No.: 0398853
                       gaanderson@asglaw.com
                       **Jennifer C. Anderson, Esquire**
                       Florida Bar No.: 594946
                       janderson@asglaw.com
                       **Steven C. Morgan, Esquire**
                       Texas Bar No.  24046477
                       morgan@asglaw.com
                       4400 Marsh Landing Boulevard, Suite 4
                       Ponte Vedra Beach, Florida 32082
                       Tel.: (904) 273-4734
                       Fax: (904) 273-4712
                       *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 1st day of October, 2015, a true and correct copy of the foregoing document has been filed with the Court's e-portal and served via Notice of Electronic Filing upon all of the parties who have appeared, as follows:

Steven A. Kirsch
Senior Trial Counsel
United States Department of Justice
Torts Branch, Civil Division
P. O. Box 14271
Washington, D.C.  20044-4271
Steven.kirsch@usdoj.gov

>*/s/ Jennifer C. Anderson*
>**Jennifer C. Anderson, Esquire**